## THE OBLIGATION TO SUPPORT CHILDREN.

[Circuit Court of Wood County.]

JOSEPHINE E. YOUNG v. WASHINGTON YOUNG.

Decided, April 29, 1905.

*Husband and Wife—Support of Children—Entire Obligation upon the*
*Husband—Notwithstanding Custody of, by Divorced Wife—*
*Proper Maintenance—Charge of Court—Value of Wife's Services*
*—Plaintiff an Old Wounded Soldier—Soldiers on the Jury—Bill*
*of Exceptions—Identification of Exhibit.*

1. In an action involving a claim by a divorced wife for support of a
   child, born after the divorce was granted and for whom no pro-
   vision was made in the decree for alimony, it is error to so in-
   struct the jury as to create the impression that the care and
   support of the child was a joint obligation upon both parents.
   Under the law of Ohio, so far as necessary care and support are
   concerned, the whole legal obligation as between the father and
   the mother is upon the father.

2. In such a case the wife is not entitled to pay for her whole time
   in caring for the child, but only for such a proportion of her time
   as was necessarily thus occupied; and for support the allow-
   ance should be proportionate to the father's means, considered in
   connection with the health and interests of the child.

3. It is the better practice for the proper identification of an exhibit
   introduced in evidence with the intention of attaching it to the
   bill of exceptions, that the stenographer in his reference to it
   should add the words, "and the same is hereto attached and made
   part of the bill of exceptions."

HAYNES, J. (orally); PARKER, J., concurs; HULL, J., not sit-
ting.

A petition in error has been filed to reverse the judgment of
the court of common pleas in an action in that court in which
the defendant in error was plaintiff, and the plaintiff in error
was defendant. The action was brought to foreclose a mortgage,
and an answer was filed in which it is practically admitted
that the mortgage was executed and had not been paid, and that
there was due upon it the amount mentioned in the notes. The
defendant in that action, plaintiff here, however, set up that

she had formerly been the wife of Washington Young and that a divorce had been granted her some years ago, and in that divorce which was granted by reason of the aggressions of the husband that there was a certain amount of alimony allowed her, and that she was at that time pregnant.    The divorce was granted in the spring, and in the autumn following a child was born, which is still living, his son, and that she has had the care and custody of that child from its birth to the present time.    It is conceded by all that no provision was made in the allowance of alimony for the support of the child; the alimony being allowed to her, as distinctive alimony to her.    She claimed that she had to support this child during all this time; that it was liable to be sick, and had been sick at different times, and that the care of the child had required her constant attention, which she had given him, and that the board, clothing and necessaries, and the care and attention she had furnished the child, were worth in all about $2,000, and she asks that that be allowed as a set-off against the claim of the plaintiff.

The case proceeded to trial and the finding of the jury was in favor of the plaintiff for the full amount of the mortgage, and a finding in favor of the defendant below for $500 for the care and custody of the child.    Upon that judgment was entered and a motion for a new trial was filed in which one of the points is that the verdict was not supported by sufficient evidence, and various other matters set forth, and a petition in error was filed.    It was not alleged distinctly that the overruling of the motion for a new trial was the ground for error, but because of the errors on the face of the record; because testimony was given for the defendant on her set-off and for the plaintiff below in rebuttal. It was claimed by the plaintiff below that he had paid her at different times for the support of the child in the form of physicians' bills and clothing, in all as he claims, to about a hundred and seventy-five dollars.    This was largely denied by the defendant below, and evidence taken along that line was submitted to the jury, and they gave the plaintiff credit for the amount they found he had paid, I take it; at any rate they returned a verdict for $500 for the defendant.

Some exceptions were taken to the testimony and one point is that there were questions asked in regard to the occupation heretofore of the plaintiff, and that drew forth the fact that he had been in the army and had been severely wounded. Objection was made to that because it is said there were soldiers on the jury. That fact does not appear in the evidence at all. We are clear that this testimony ought not to have gone to the jury, but I don't know as we should reverse the case upon that point, because, as I have said, from the record it does not appear that there was anyone on the jury that that would affect, and I pass that as a minor matter.

The real and great contention in the case is that the court in its charge to the jury committed error; that the case was tried at the instance and suggestion of counsel for plaintiff upon the theory that the wife owed the same duty to this child that the father did, and that practically the only amount that could be recovered by the plaintiff below would be for expenses—necessaries that she had bought and things of that kind. There is one matter in the record touching that point that I will read:

"Q. Do you recognize that there is any obligation on your part as a mother to look after the child? (This was objected to; objection overruled and defendant excepted). A. Why, yes.

"Q. You did certain things and performed certain offices for this child that probably nobody else on earth could do so well? A. I suppose so.

"Q. I suppose you nursed that child as a baby? A. I did.

"Q. And you ask your former husband to pay for that?"

We doubt whether that is a proper question to be asked. Her obligations are fixed by the law and not by what she supposes. Her obligations are not to be laid down by her—what she considers she should do, and what she should not do. She might of course as a mother recognize her rights, but that would not and ought not to have any effect as to her husband and herself, or affect his liability for the support of the child.

Testimony was given on behalf of the defendant below as to the amount of care that she had given this child and the value of her services, and evidence was given in opposition, in regard

to the value of her services.  There was objection to this testimony, and only one witness produced seemed to be very fully qualified on this point, and the court permitted it to stand.  I don't know as there is enough objection to that to make it worth while to call attention to it.

We come now to the charge of the court.  Counsel for the defendant requested the court to charge the jury as follows:

"The defendant, Josephine Young, is entitled to recover in this action from the plaintiff, the value of clothing, food, doctor bills, and all expenses incurred in the care of said child, John R. Young, and is also entitled to recover the value of her time actually taken in caring for said child."

The court refused to so charge the jury and the defendant excepted.  We are inclined to think that the court would not be required to give that charge just in that form.  It was rather too narrow in its statement, as to its conclusion in regard to the matter of time.

The court then proceeded to charge the jury, after stating to them the contents of the pleadings.  Now we have been referred to the case of *Pretzinger* v. *Pretzinger*, 45 O. S., 452, which seems to state the law of the case in Ohio, we think, quite fully.  In that case, very much like this, Judge Dickman, after discussing the general principles, on page 461 says this:

"The statute, 43 Eliz. Ch., 2, directs that 'the father and mother, grandfather and grandmother, of poor, impotent persons, shall maintain them, if of sufficient ability, as the quarter-sessions shall direct.'  Its provisions have been re-enacted in several of our states; and in view of the special enactment it has been held, where the husband and wife are divorced, and upon her application the custody and control of their minor children are awarded to her, she can not, in an action against the father, recover for the entire support of such children furnished by her after the divorce, but only for contribution.  But there is no such statute in this state, and in general, after a divorce as well as during coverture, the primary duty of maintaining any minor child of the marriage still remains with the former husband."

Now we think the charge all the way through is objectionable, and open to the objection that the court was proceeding upon

the theory that there was a joint obligation and that the wife was bound to contribute to the care of the child. It seems from this report that that is not the law in Ohio. The charge of the court is as follows:

"The record in the divorce case referred to in the pleadings has been offered in evidence. That record shows that the parties agreed upon a settlement of alimony and their agreement was approved by the court. For the purposes of this case that agreement is final. That is, it amounts to a provision for the wife or mother of this child, and in this case you can not allow anything to the mother for her support, no matter whether you think the amount allowed was sufficient or not, and your allowance, if any, must be limited to the care and support of the child. The order made in the divorce case is not a provision for the child and that question is left open for your consideration in this case. And in determining the amount which the mother should receive from the father in this case for the care and support of the child, you should consider the duties devolving upon the parents to care for and support a minor child under the conditions and circumstances existing in this case.

"The record of the divorce case shows that a divorce was granted on account of the wrongs of the husband, and even though he is not permitted to have the custody of this child, he can not, under the circumstances, complain on that account, but his duty to care for and support his child is the same as if the parties were living together, even though on account of his own wrong he is deprived of the pleasure and comfort which would naturally result from the society of the child.

"The mother also owes to the child certain duties, and in a case like this she is not relieved of any of those duties because she has been divorced from the father.

"The divorce granted to these parties made them strangers to each other in regard to all duties toward each other growing out of the marriage relation. But their duty to care for and support their child remained."

It will be observed that these clauses of the charge really proceed upon the theory that there was still the same obligation upon the mother as there was upon the father to support the child. This, we think under the above decision, is not true. The obligation to support this child was upon the father. As between the mother and the child, the mother naturally would recognize her motherly feeling toward the child and take care

of it, but as between the husband and herself there was no such obligation resting upon her; no more than if the child had been placed with a stranger.    The court says further in the charge:

"The father in this case can, in no event, be held to pay more for the care and support of this child than is reasonably required for his comfort and maintenance; and what is necessary depends upon the condition and circumstances of the parents. What might properly be regarded as necessary for the support of a child of wealthy parents would be greatly in excess of the amount required for the support of the child of parents in moderate or poor circumstances.

"In this case in determining what should be paid by the father to the mother for the support of this child, you should consider the condition of the child, its health, the amount of care required during health and sickness, the expense of medical attendance, the necessary expense for food and clothing, the manner in which the child was cared for by the mother, and the financial condition of the parents during the time that the mother has taken care of the child.

"And considering the evidence upon all these matters and all other evidence offered in the case having any bearing upon this subject, and taking into consideration the duty of each of these parents to the child, you will fix the amount which the father should pay to the mother of the child for its care and support from the time of its birth on September 8th, 1889, to June 8th, 1904."

Perhaps the words "care" and "support" alone would not be objectionable, but under the statement that has been made it was not sufficiently clear and was very liable to mislead the jury.    In the request that was not given, the request was in substance that she should receive pay for all the time actually taken in caring for the child.    We think the court has correctly stated the general duty of the parents in regard to their circumstances in this world; as to the amount of their means; and we think the charge should run along in that line in regard to that; their means, condition of life, habits, and matters of that kind, and that she should recover for time that was necessarily spent in the care of the child.. That is to say, she claims she was giving her whole attention to the child, but we think it would be a very rare case where it was necessary for a

person to devote all their time to the care of a child.  She was entitled to her time to earn her living and support and maintain herself, and so far as charging the husband, she should charge him with a reasonable amount of time that she should spend in looking after the child.

It is very properly said in the charge here, as is said in the Pretzinger case, that these persons stand as strangers; they do not stand as owing the duties of husband and wife to each other.  That duty has passed out of existence; the wife has simply received the child that the husband is bound to maintain and support and for her reasonable and necessary expense in that regard, and for her time and labor, she is entitled to compensation from him.

PARKER, P. J.

This is a new and interesting question.  I think Judge Haynes has covered our views upon it very fully.  Perhaps the same views expressed in different language may help counsel to understand our position.  As pointed out by Judge Haynes this request to charge is faulty in that it asks that the jury shall be instructed to allow the plaintiff to recover the value of her time actually taken in caring for the child, whereas it should set forth that she is to be allowed the value of her time actually taken and that was reasonably necessary; not time that she might have devoted to fondling the child or lavishing her affections upon it; and it is not intended to be intimated in this opinion that for those things she should be entitled to recover.  We think in one or two of the paragraphs of the charge and in the general tenor of it, the jury were given to understand that they were to consider and cull out what each parent owed to the child, and the charge contained the intimation, or it might be fairly inferred from it that this matter of caring for the child devolved upon them both, and that the wife could only recover from the husband for the share that he owed for the care of the child, and that she could not recover anything for the part of said attention devolving upon her as a legal obligation.  They should consider it as a sort of a partnership obligation.  It seems to us that under this decision which Judge

Haynes has cited, the whole legal obligation, so far as necessary care, support and maintenance of the child was concerned, devolved upon the father alone, as between him and the mother, and that nothing was to be subtracted on account of any supposed legal obligation resting upon the mother as between her and the child, or as between her and the public, to aid in caring for the child. In one paragraph of the charge the trial judge says:

"And in determining the amount which the mother should receive from the father in this case for the care and support of their child, you should consider the duties devolving upon the parents |not upon him, but upon both of them] to care for and support a minor child under the conditions and circumstances existing in this case. * * * The mother owes to her child certain duties, and in a case like this she is not relieved of any of those duties because she has been divorced from the father."

While that might be true as between the mother and child, yet, as stated in the charge and applied to this case, it would have a tendency to mislead the jury, and cause them to suppose that to the extent of her obligation to the public or to the child, she would have no recourse on the husband, which we think is not true. Further along is repeated, "But their duty to care for and support their child remained." And this clause especially, I think, is open to that criticism:

"And considering the evidence upon all these matters and all other evidence offered in the case having any bearing upon this subject, and taking into consideration the duty of each of these parents to the child, you will fix the amount which the father should pay the mother for the care and support of the child."

I think this is a very plain and direct intimation that it was an obligation resting upon both of them, and to be shared by both of them, and that the mother could only recover from the father because and to the extent that he had failed to do his share. It is provided in Section 3110, Revised Statutes, that—

"The husband must support himself, his wife, and his minor children out of his property or by his labor. If he is unable to do so, the wife must assist him so far as she is able."

The obligation rests first upon the husband primarily, secondarily upon the wife. The decision in the Pretzinger case

seems to us to involve that he is to recompense the divorced wife for the care of the child, precisely as though she were a person not related to the child.

There are statutes bearing upon the duties of divorced persons under which the assistance of the court may be invoked and had to fix the status of the parties and fix their obligations in a measure. Counsel will remember that the statute provides for an appeal to the court, and provides that the court should fix their respective obligations with reference to the support of the children, and that the obligation may rest upon one to support a child where the custody has been given to the other, but where that has not been done, we think the Pretzinger case applies, and that the whole obligation rests upon the husband. The judgment will be reversed, and verdict set aside, and the case remanded for a new trial.

HAYNES, J.

There was another exception taken, or rather a suggestion made that a certain paper attached to the bill of exceptions was not in proper form. It consists of the final record in the divorce case in question. The record was produced in court and read in evidence, but it. was not copied at that point of the evidence into the record, but subsequently a full copy of the final record was made and attached to the bill of exceptions, marked "Exhibit A, final record No. 45, page 481, case No. 12,244.". It has the same number and the same parties, and the same references that are made at the time of the introduction of the evidence. It would have been better, perhaps, if the stenographer had in his reference to it, added the words "and the same is hereto annexed and made a part of the bill of exceptions," but the real question is whether there was sufficient to identify it and to make it a part of the bill of exceptions, and we think there was. The identification is sufficient, we think. A copy of the final record was made and attacher to the bill of exceptions, marked "Exhibit A," and we think on the whole, that is sufficient.

*Blackford & Blackford* and *J. E. Shatzel,* for plaintiff in error.
*Baldwin & Harrington,* for defendant in error.